KELLY, Circuit Judge,
dissenting in part.
I respectfully dissent from Section II of the court’s opinion. Permitting this case against Muskogee to go forward reverses the burden that the Supreme Court has deliberately chosen to place on the party opposing a motion for summary judgment. It also is inconsistent with the strict standard placed upon § 1983 plaintiffs in cases such as this one, where there has been absolutely no showing of a pattern of constitutional violations which might have put the City of Muskogee on notice that its training program was inadequate. See Board of the County Comm’rs v. Brown, — U.S.-,-, 117 S.Ct. 1382, 1391, 137 L.Ed.2d 626 (1997); City of Canton v. Harris, 489 U.S. 378, 390 n. 10, 109 S.Ct. 1197, 1205, 103 L.Ed.2d 412 (1989).
The court views this case as one in which “evidence of a single violation of federal rights, accompanied by a showing that a municipality has failed to train its employees to handle recurring situations presenting an obvious potential for such a violation ... trigger[s] municipal liability.” Brown, — U.S. at-, 117 S.Ct. at 1391 (citing Canton, 489 U.S. at 390 & n. 10, 109 S.Ct. at 1205). Although sufficient evidence of a single violation of federal rights exists, Ms. Allen has not made any showing — much less a sufficient showing — of an inadequate policy, nor is there proof that the allegedly inadequate policy presented such an “obvious potential” for constitutional harm that liability can or should be triggered.
The evidence is insufficient to establish the inadequacy of Muskogee’s training because absolutely no evidence exists regarding the content of Muskogee’s training. The court observes that none of the evidence in this case addresses the content of Muskogee’s training, and assumes that it was Defendants’ burden to put forward that content. See Ct. Op. at 843. The summaiy judgment standard, however, clearly places that burden on Ms. Allen. See Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2551, 91 L.Ed.2d 265 (1986) (stating that the plain language of Fed. R. Civ P. 56(c) mandates entry of summary judgment if nonmoving party fails to make a showing sufficient to establish an element, and on which that party will bear the burden of proof at trial). Ms. Allen does not dispute that the Muskogee training exceeds Oklahoma’s requirements for law enforcement training. In fact, the only evidence on the content of Muskogee’s training at all are affidavits of two law enforcement officials that the individual officers *846 acted in accord with that training. Ms. Allen’s expert, Dr. Kirkham, stated that because the officers’ actions were, in his opinion, contrary to proper police practices, and because two law enforcement officials stated that the officers acted in accord with their training, then Muskogee’s training must have been inadequate. Dr. Kirkham admitted, however, that he had not read either Muskogee’s or Oklahoma’s training materials. The court emphasizes that this evidence supports an “inference” that the City of Muskogee inadéquately trained its police officers.[1] Although we must draw all factual inferences in favor of the nonmovant, those inferences must be reasonable. Gullickson v. Southwest Airlines Pilots’ Assoc., 87 F.3d 1176, 1183 (10th Cir.1996) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986)). Dr. Kirkham’s testimony, grounded in speculation, may raise an inference that Muskogee inadequately trained its officers, but it is not sufficient to withstand summary judgment. Rather, this inference, if it can be so called, constitutes, at best, a “mere scintilla” of evidence, on which a judgment in favor of the nonmovant cannot be upheld. Anderson v. Liberty Lobby, Inc., 411 U.S. 242, 252, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).
Even assuming that Ms. Allen has put forward sufficient evidence of inadequate training, that is still not enough under the circumstances. The evidence is not even close to establishing the kind of inadequate training that is “so obvious, and ... so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need.” Canton, 489 U.S. at 390, 109 S.Ct. at 1205. In most cases, plaintiffs meet this standard by demonstrating that a pattern of constitutional violations has put the municipality on notice that its training is inadequate, and that the municipality’s continued adherence to its training thus constitutes deliberate indifference. See, e.g., Brown, — U.S. at-, 117 S.Ct. at 1390 (“If a program does not prevent constitutional violations, municipal decisionmakers may eventually be on notice that a new program is called for.”); Zuchel v. City and County of Denver, 997 F.2d 730, 740-41 (10th Cir.1993) (holding that the defendant municipality was deliberately indifferent when it failed to change its training despite six deadly force incidents within a six-week time period, and despite repeated requests by the district attorney for new training). In this case, however, there is no allegation that previous similar incidents had put the City of Muskogee on notice that its training was inadequate. The Supreme Court has cautioned that in such cases, plaintiffs will succeed only in a “narrow range of circumstances.” Brown, — U.S. at-, 117 S.Ct. at 1391. Thus, Ms. Allen must prove deliberate indifference by showing that a violation of federal rights was a “highly predictable” consequence of its failure to adequately train its police officers. Id. The mere fact that city police officers may have acted unconstitutionally cannot be the basis for municipal liability. Monell v. Department of Soc. Servs., 436 U.S. 658, 691, 98 S.Ct. 2018, 2035, 56 L.Ed.2d 611 (1977) (“[A] municipality cannot be held liable under § 1983 on a respondeat superior theory.”); see also City of Oklahoma City v. Tuttle, 471 U.S. 808, 823-24, 105 S.Ct. 2427, 2436-37, 85 L.Ed.2d 791 (1985) (plurality opinion) (“Proof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which ... can be attributed to a municipal policymaker.”).
Given that there was no evidence before the court regarding the content of Muskogee’s training, any deliberate indifference exhibited by Muskogee is pure speculation and conjecture. I do not believe there exists any evidence tending to place Plaintiffs case within the “narrow range of circumstances” in which liability may attach without any pattern of past constitutional violations. Ms. Allen has failed to make a showing sufficient to establish an element on which she would bear the burden of proof at trial. Celotex, 477 U.S. at 322, 106 S.Ct. at 2552. Accord *847 ingly, I would affirm as to the City of Muskogee.

. At the end of Section II, this "inference,” see Ct. Op. at 843, has metamorphosed into "direct evidence” of inadequate training, see Ct. Op. at 844-45.